FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY ANN BRISCHLE,<br><br>Defendant. | NO: 2:21-CR-93-RMP-1<br><br>AMENDED ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

BEFORE THE COURT is a Construed Motion for Reconsideration from Kimberly Ann Brischle, ECF No. 68. Ms. Brischle does not seek to alter the outcome of the Court's Order Denying Defendant's Motion for Early Termination of Supervised Release, ECF No. 67, but instead brings the Court's attention to an erroneous characterization of Ms. Brischle's criminal convictions in this matter. *See* ECF No. 68 at 1. Specifically, the Court's Order referred to Ms. Brischle's conviction pursuant to 18 U.S.C. § 2261A(1)(A) as a conviction for cocaine distribution when Ms. Brischle's conviction under that statute was for interstate stalking. *See* ECF No. 67 at 2. The Court **GRANTS** Ms. Brischle's Motion, **ECF**

AMENDED ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE ~ 1

**No. 68**, with respect to this scrivener's error and amends the Order Denying Defendant's Motion for Early Termination, ECF No. 67, as follows:

BEFORE THE COURT, without oral argument, is Defendant Kimberly Ann Brischle's construed Motion for Early Termination of Supervised Release, ECF No. 66. The Government's deadline for filing a response has passed. Having reviewed the motion, the record, and the relevant law, the Court is fully informed.

The Court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court is to consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id*. District courts have broad discretion when deciding whether to terminate a defendant's term of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Ms. Brischle was convicted of two counts of a three-count Superseding Indictment: (1) Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(A), (B); and (2) Interstate Stalking, in violation of 18 U.S.C. § 2261A(1)(A), (B). ECF No. 40. On May 27, 2022, this Court sentenced Ms. Brischle to thirty months of custody for each count, to be served concurrently. ECF No. 58 at 2. The Court further sentenced Ms. Brischle to three years of supervised release. *Id*. Ms. Brischle's term of supervised release began on September 8, 2023.

1   Defendant has not had any violations during her nearly fourteen months on
2   supervised release and is living in a fifth-wheel trailer on a relative's property in
3   Idaho.  ECF No. 66 at 1.  A United States Probation Officer from the District of
4   Idaho supervises Defendant and is in contact with Defendant approximately once
5   each week.

6   Defendant's motion, filed *pro se*, maintains that being on supervised release
7   "restricts [her] ability to secure more suitable housing in a more affordable area." *Id.*
8   Defendant further represents that she has been diligent about attending mental health
9   treatment and taking her prescribed medications; she has learned a "valuable lesson"
10  from her conviction and sentence; and is "committed to making better choices
11  moving forward." *Id.*

12  While the Court commends Ms. Brischle for the progress and positive choices
13  that she has made so far, the Court does not find that termination of Ms. Brischle's
14  supervised release, less than halfway through her term, is warranted by the
15  circumstances that Ms. Brischle presents.  Being on supervision should not prevent
16  Ms. Brischle from relocating to "more suitable housing."  *See* ECF No. 66 at 1.  If
17  Ms. Brischle wishes to relocate to another residence, she can first provide a detailed
18  request to her supervising Probation Officer, who can determine with Ms. Brischle if
19  the proposed residence is suitable and, if necessary, can assist Ms. Brischle in
20  transferring supervision to a different United States Probation Office.  Meanwhile,
21

AMENDED ORDER DENYING MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE ~ 3

ongoing supervision and support from the United States Probation Office will benefit Ms. Brischle as she continues to work toward self-sufficiency and stability,

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Termination of Supervised Release, **ECF No. 66**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Amended Order, terminate Defendant's Construed Motion for Reconsideration at ECF No. 68, and provide copies to Defendant, counsel, and the United States Probation Office.

**DATED** November 7, 2024.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge